UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SEA-LAND SERVICE, INC.,

v.                                                          CASE NUMBER: 98-2246 (DRD)

DEPARTMENT OF EDUCATION
OF THE COMMONWEALTH OF PUERTO RICO,
through its Secretary, VICTOR FAJARDO.

| ORDER |
| --- |

The minutes of Status Conference held on January 24, 2000, in pertinent part are as follows:

> "Pending before the Court is Defendant's motion to dismiss asserting a Statute of Limitations bar to this suit. (Docket No. 16). Plaintiff handed a courtesy copy of its opposition. However, the parties also informed the Court that the same Statute of Limitations issue as posed by the pending motion to dismiss is currently before the First Circuit Court of Appeals (Crowley v. Pan American Grain). Therefore, the Court **STAYS** the current proceedings pending the resolution by the First Circuit of the SOL issue. Notwithstanding, the Court believes the that cases of Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281 (1983) and UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107 (1966), bear heavily on the issue.
> The parties are to inform the Court immediately upon information that the First Circuit has resolved the Crowley v. Pan American Grain appeal."

(Docket No. 21). The Plaintiff informed the Court (Docket No. 22) that a decision has been handed down by the First Circuit on June 19, 2000, see TAG/ICIB Servs. v. Pan American Grain Co., ___ F.3d ___, 2000 WL 767870 at *1 (1st Cir. 2000). Therein, the First Circuit held that "[t]he ICCTA's eighteen-month statute of limitations presumptively applies to [Plaintiff's] demurrage claim accruing after September 30, 1996, when the ICCTA replaced the Shipping Act." Id. at *5. The Court will apply this controlling jurisprudence to the facts at hand. Defendant concedes that the invoices relied upon by Plaintiff were from January 5, 1998 and December 17, 1991. (Docket No. 16, p. 6). The instant case was filed on November 3, 1998. (Docket No. 1). Thus, the eighteen-month statute of limitations does not render this action time barred. See TAG/ICIB Servs. v. Pan American Grain Co., 2000 WL 767870 at *1. Wherefore, Defendant's Motion to Dismiss (Docket No. 16) is **DENIED** and the stay of proceedings is **LIFTED**.
IT IS SO ORDERED.

Date: July ___17___, 2000                          **DANIEL R. DOMINGUEZ**
P:\PEACHORD ERS\98-2246 ORD                        **U.S. District Judge**